DETROIT & BIRMINGHAM PLANK-ROAD CO. *v.* VILLAGE OF HIGHLAND PARK.

MANDAMUS— COMPELLING OFFICIAL ACTION—PROPRIETY — PEND-
ENCY OF ANOTHER SUIT.

> Mandamus will not issue to compel village officers to levy
> special assessments to pay warrants issued in payment for
> plank-road rights under Act No. 159, Pub. Acts 1903, while
> there is pending a taxpayer's suit to enjoin the payment of
> the warrants and establish their illegality.

Certiorari to Wayne; Donovan, J. Submitted April 4, 1905. (Calendar No. 21,003.) Decided December 22, 1905.

Mandamus by the Detroit & Birmingham Plank-Road Company to compel the village of Highland Park to levy special assessments to pay certain warrants. There was an order denying the writ, and relator brings certiorari. Affirmed.

*Miller, Smith, Alexander & Paddock,* for relator.

*Rowland M. Connor,* for respondent.

McALVAY, J. Relator, a plank road corporation organized under the provisions of Act No. 255, Laws 1848, filed its petition in the circuit court for Wayne county, praying for a writ of mandamus against the village of Highland Park, a municipal corporation organized under chapter 87, 1 Comp. Laws, to compel the levy of a special assessment for the balance unpaid on a certain contract between the parties respecting the relinquishment of certain rights of the plank-road company within the corporate limits of said village. The contract referred to was entered into between the parties August 28, 1899, claimed to be authorized by Act No. 21, Pub. Acts 1893, whereby,

in consideration of $5,000, the plank-road company agreed to remove its toll gate to a point outside and to the north of the village limits, and not thereafter to maintain a gate within the village or collect toll for passage over the part of Woodward avenue within the village, except the company expressly reserved the right to collect toll from any and all persons passing over any portion of Woodward avenue lying within the corporate limits of said village, provided said person or persons passed through any of its toll gates.    The company removed its toll gate and ceased collecting toll except as above provided.    The village paid $1,000 in two payments of $500 each, and for the balance issued four time warrants of $1,000 each, payable annually thereafter.

In August, 1900, William H. Stevens and Clarence A. Black, owners of real estate in said village subject to taxation and actually taxed therein upon the general tax roll for the year 1899 (Stevens a resident and elector owning real estate aggregating in value $300,000, and Black owning real estate aggregating in value $70,000), filed their bill of complaint in the circuit court for Wayne county against the plank-road company and the village of Highland Park, setting up the facts as to this contract and the issuing of these time warrants, and attacking the validity thereof for the reasons:

1. Because the officers and council of said village had no power to enter into said contract and bind the village.
2. Because the proceedings had were not sufficient to authorize the contract, or payment of the contract price.
3. Because when the warrants were drawn there was no fund from which the same or any of them could lawfully be paid.    ·
4. Because the issue of said warrants payable in the future was in fact borrowing money, and the power of the council to borrow money had at that time been exhausted.

Said bill of complaint prayed that said warrants be declared illegal and void, and that the same be delivered up for cancellation, and for an injunction against the village and its treasurer from paying, and against the company

from collecting or attempting to collect, the same. A temporary injunction was issued. Defendants answered said bill of complaint, insisting that said contract and the time warrants issued under it were valid, and the proceedings of the municipal officers regular and authorized by law. This chancery suit is pending and undetermined in the Wayne circuit, and the injunction is still in force.

Act No. 159, Pub. Acts 1903, authorizes cities, villages, and townships to acquire by purchase any or all of the rights and property of toll or plank road companies within their limits, and repeals Act No. 21, Pub. Acts 1893, and all other contravening acts; section 4 thereof being as follows:

"When any city, village or township shall have acquired any rights, roads, property, privileges, or franchises of any toll or plank road company as aforesaid, by purchase or condemnation as hereinbefore provided (whether such rights, roads, property, privileges or franchises have been acquired by such city, village or township prior to this act, or shall hereafter be acquired by such city, village or township), the common council of such city or village or the township board of such township shall raise by special assessment upon all the real and personal property within such city, village or township such amount of money as may have been agreed upon between such toll or plank road company and such city, village or township for the sale and purchase of any such rights, roads, property, privileges or franchises or portions thereof of any toll or plank road company as aforesaid, or in the event of condemnation proceedings as herein provided, such sum of money as shall have been awarded to such toll or plank road company in such condemnation proceedings. Moneys raised by such special assessment shall be held as a special fund, to pay such cost and expense of such purchase or condemnation. Such special assessments shall be assessed, levied, and collected at the time and in the manner provided for the assessing, levying, and collecting of the general fund or general taxes of such cities, villages, and townships."

Relying upon this enabling act, the plank-road company, September 10, 1904, by petition, asked the common coun-

cil of Highland Park village to proceed by assessment to raise the balance due it under said contract. The prayer of this petition was denied. Said company then filed its petition in the circuit court for the county of Wayne, asking for a writ of mandamus directing the said common council of Highland Park to raise by special assessment, as required by said enabling act, the balance due under said contract. The village answered said petition. The facts were stipulated. A hearing was had, and the writ of mandamus was denied. The case is before this court upon a writ of certiorari to review the action of the circuit judge in denying the writ of mandamus.

It is insisted that because Act No. 21, Pub. Acts 1893, under which the contract of August, 1899, was made, provided no method of payment, even though the plank-road company should succeed in establishing the validity of that contract and the time warrants in the suit pending in chancery, it would be in precisely the same position as at present, having no adequate remedy at law to enforce payment; and, mandamus being the proper remedy, the plank-road company is entitled at this time to invoke its relief. This appears to us to be the only question in the case.

There is now pending in a court of competent jurisdiction a suit brought by taxpayers against both parties to this proceeding at bar, in which issue has been joined, wherein the principal contention is that the contract between them and the time warrants issued under it are invalid, and both parties defendant are enjoined, the one from paying and the other from proceeding to collect the warrants.

If the argument of the petitioner is tenable, whatever may be the outcome of the chancery case, it is entitled to its writ of mandamus in this proceeding. Let it be supposed that the chancery case proceeds to a decree favorable to complainants, and this contract is declared void and the time warrants invalid, and that they be delivered up to be canceled, and, further, that the temporary in-

junction be made perpetual. This anomalous condition would then be presented, if mandamus should issue as prayed: This court would order a municipality to raise by special assessment money to be applied upon the payment of warrants issued under a contract which may be declared void, and which warrants the municipality may be by decree permanently enjoined from paying. Is it reasonable to suppose that the legislature intended the act of 1903 so to operate?

If the chancery case were already determined, and the contract and warrants held to be valid, the contention of petitioner would be cogent. We must construe the act of 1903 as applying to lawful and valid purchases of rights of toll road companies, and not depriving courts from assuming jurisdiction and determining by proper proceedings whether such purchases are valid and the proceedings regular. This court will not interfere with the circuit court of Wayne county, in chancery, in the orderly conduct of a case there pending.

The judgment of the circuit court is affirmed, with costs.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.